# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0658V

PAULA BIGELOW, *as personal representative of* THE ESTATE OF RUTH A. JONES,

                    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: March 31, 2026

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 16, 2025, Paula Bigelow, as personal representative of The Estate of Ruth A. Jones, filed a petitioner for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Ruth A. Jones suffered Guillain-Barré syndrome (GBS), which resulted in her death, following an influenza vaccination she received on November 6, 2024. Petition,

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 1. On January 30, 2026, I issued a ruling on entitlement finding the Petitioner entitled to compensation. ECF. No. 21. Also, on January 30, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 22.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,693.82 (representing $21,780.30 in fees and $646.52 in costs and $3,267.00 in Petitioner out-of-pocket expenses). Application for Attorneys' Fees and Costs ("Motion") filed February 3, 2026, ECF No. 26. Furthermore, Petitioner filed a signed statement representing that $3,267.00 was incurred in personal out-of-pocket expenses. ECF No. 26-3.

Respondent reacted to the motion on February 4, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' response to Motion at ECF No. 27. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has requested an hourly rate of $500.00 for 2026 work performed by attorney Jimmy Zgheib, representing a rate increase of $50.00 from the previous year.  Petitioner has also requested an hourly rate of $500.00 for 2026 work performed by attorney AnnMarie Sayad, representing a rate increase of $50.00 from the previous year. I find the proposed rates to be reasonable and hereby award them herein.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 26-2 at 2-9 and 26-3 at 5-9. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $25,693.82 as follows:**

**A lump sum of $22,426.82, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Jimmy Zgheib's IOLTA account for prompt disbursement; and**

2

**A lump sum of $3,267.00, representing reimbursement for Petitioner's out-of-pocket expenses, to be paid through an ACH deposit to Petitioner's counsel of record: Jimmy Zgheib's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.